DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 INTRODUCTION {¶ 1} Alice Stone and Edwin Cazeau lived together for four years until 2005, when Mr. Cazeau asked his daughter, Cathryn Nixon, to bar Ms. Stone from his home and end her access to his bank accounts. Ms. Stone sued Mr. Cazeau and Ms. Nixon, alleging wrongful eviction and conversion. The trial court granted summary judgment to the defendants, and Ms. Stone has appealed. She has argued that the trial court incorrectly granted summary judgment to the defendants. This Court affirms the trial court's judgment on the wrongful eviction claim because there is no genuine issue of material fact regarding whether Ms. *Page 2 
Stone was a tenant in Mr. Cazeau's home and the defendants are entitled to judgment as a matter of law. This Court reverses the trial court's judgment on Ms. Stone's conversion claim, however, because Ms. Stone's affidavit, which is properly considered in opposition to the defendants' motion for summary judgment, demonstrates that there are genuine issues of material fact. In reaching this conclusion, this Court overrules previous decisions of this Court to the extent those decisions held that a nonmoving party can never avoid summary judgment by submitting a "self-serving affidavit containing no more than bald contradictions of the evidence offered by the moving party."
 BACKGROUND {¶ 2} Mr. Cazeau purchased a home in Lorain County in 2004. Ms. Stone, with whom he had been living for several years, also owned a home in Lorain County, which she continued to maintain. Neither had an ownership interest in the property of the other. Although the two resided together in Mr. Cazeau's home, the nature of their relationship is unclear. Mr. Cazeau has insisted that Ms. Stone was nothing more than a social guest in his home; Ms. Stone, on the other hand, has maintained that the two were "consorts" who shared a sexual relationship. Mr. Cazeau gave Ms. Stone access to several bank accounts. Ms. Stone claims to have deposited her retirement and social security checks into those accounts and contributed toward their living expenses. *Page 3 
 {¶ 3} Mr. Cazeau claims that, in late 2004 or early 2005, he decided it would be prudent to sell his home and give his daughter control of his assets. He asked Ms. Nixon to remove Ms. Stone from his home so that Ms. Nixon could attempt to sell it. Acting on her father's instructions, Ms. Nixon blocked Ms. Stone's access to the home by chaining the entrance closed and changing the locks. Ms. Stone entered on several occasions despite the barriers. According to her version of events, she did so because her possessions were locked inside the house. Mr. Cazeau, however, has claimed that Ms. Stone successfully removed her belongings then reentered the house to vandalize it.
 THE STANDARD OF REVIEW {¶ 4} Ms. Stone's sole assignment of error is that the trial court incorrectly granted summary judgment to Mr. Cazeau and Ms. Nixon. In reviewing a trial court's ruling on a motion for summary judgment, this Court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co., 66 Ohio App. 3d 826, 829
(1990).
 THE WRONGFUL EVICTION CLAIM {¶ 5} Ms. Stone has argued that the trial court incorrectly granted summary judgment to the defendants on her wrongful eviction claim. According to Ms. Stone, Mr. Cazeau ousted her from her place of residence illegally, without *Page 4 
following the procedures required for a forcible entry and detainer action under Chapter 1923 of the Ohio Revised Code.
 {¶ 6} The Landlord-Tenant Act, Chapter 5321 of the Ohio Revised Code, regulates the relationship between residential landlords and their tenants. Section 5321.15(A) provides that landlords may only evict residential tenants by following the procedures set forth in Chapters 1923, 5303, and 5321 of the Ohio Revised Code. Section 5321.01(B) defines a landlord as "the owner, lessor, or sublessor of residential premises, the agent of the owner, lessor, or sublessor, or any person authorized by the owner, lessor, or sublessor to manage the premises or to receive rent from a tenant under a rental agreement." A tenant is an individual who is "entitled under a rental agreement to the use and occupancy of residential premises to the exclusion of others," while a rental agreement is "any agreement or lease, written or oral, which establishes or modifies the terms, conditions, rules, or any other provisions concerning the use and occupancy of residential premises by one of the parties." Sections 5321.01(A) and (D) of the Ohio Revised Code. A tenant at will is one who, under the terms of a written lease agreement, continues in a tenancy as long as the parties mutually agree.Freedline v. Cielensky, 115 Ohio App. 138, 141 (1961), quoting Say v.Stoddard, 27 Ohio St. 478 (1875). An individual who lives in a residence with another without a rental agreement and without the payment of rent is not a tenant and cannot maintain an action for *Page 5 
wrongful eviction. Ogle v. Disbrow, 6th Dist. Nos. L-04-1373, L-05-1102,2005-Ohio-4869, at ¶ 17.
 {¶ 7} Mr. Cazeau and Ms. Nixon argued to the trial court that Ms. Stone was not a tenant for purposes of Chapters 5321 and 1923 of the Ohio Revised Code, but merely a friend and social companion with whom he had resided at various times and in various places, including both her residence and his own. Their motion for summary judgment was supported by Mr. Cazeau's affidavit setting forth facts to that effect; by Ms. Stone's discovery responses; and by admissions deemed admitted by Ms. Stone's failure to respond in a timely manner.
 {¶ 8} Ms. Stone agreed with Mr. Cazeau's characterization of their relationship, but argued that she was a tenant at will in Mr. Cazeau's residence. Ms. Stone, however, did not produce any evidence that she paid rent to Mr. Cazeau or that the two entered into a rental agreement of any kind, and there is no evidence in the record tending to prove that either Mr. Cazeau or Ms. Stone considered themselves to be in a landlord-tenant relationship while residing in the home of the other. Although Ms. Stone supported her response to the motion for summary judgment with an affidavit, she failed to establish a genuine issue of fact regarding whether she was a tenant in Mr. Cazeau's residence.
 {¶ 9} The defendants were entitled to judgment on Ms. Stone's wrongful eviction claim as a matter of law. Mr. Cazeau and Ms. Stone lived together in his residence without any type of rental agreement and without the existence of a *Page 6 
landlord-tenant relationship. Ms. Stone, therefore, was not a tenant to whom the protections of Chapter 5321 of the Ohio Revised Code apply, nor was Mr. Cazeau a landlord. To the extent that Ms. Stone's assignment of error pertains to her wrongful eviction claim, it is overruled.
 THE CONVERSION CLAIM {¶ 10} Ms. Stone has also argued that the trial court incorrectly granted summary judgment to Mr. Cazeau and Ms. Nixon on her conversion claim. A claim for conversion is based on the wrongful exertion of control over property in a manner that is inconsistent with the plaintiff's right of ownership. State Farm Mut. Auto. Ins. Co. v.Advanced Impounding Recovery Servs., 165 Ohio App. 3d 718,2006-Ohio-760, at ¶ 9. According to Ms. Stone, Ms. Nixon — acting on Mr. Cazeau's behalf — blocked Ms. Stone's access to the home and prevented her from removing personal belongings that were stored there. Specifically, Ms. Stone claimed that Mr. Cazeau and Ms. Nixon prevented her from retrieving "among other things, three dress suits and more than twenty dresses, my crafts and brushes, my birth certificate and my income tax returns, my polarized sun glasses, rotisserie and a juicer, and a wheel barrow, tools and garden supplies." Ms. Stone estimated the value of this property to be in excess of $950. Mr. Cazeau, on the other hand, maintained that Ms. Stone removed all of her personal property from the home without hindrance. *Page 7 
 {¶ 11} A party seeking summary judgment must identify evidence in the record that demonstrates that there are no genuine issues of material fact on an essential element of the nonmoving party's claims.Dresher v. Burt, 75 Ohio St. 3d 280, 294 (1996). The nonmoving party then bears a reciprocal burden to set forth specific facts that demonstrate that there are issues for trial. Id. Both the moving party and the nonmoving party must satisfy their respective burdens with evidence of the type listed in Rule 56(C) of the Ohio Rules of Civil Procedure: "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action."
 {¶ 12} In this case, Mr. Cazeau and Ms. Nixon supported their motion for summary judgment on the conversion claim with the affidavit of Mr. Cazeau, in which he maintained that Ms. Stone removed all of her property from his house. Mr. Cazeau and Ms. Nixon, therefore, satisfied their burden under Rule 56 of the Ohio Rules of Civil Procedure andDresher by reference to Mr. Cazeau's sworn statement. Ms. Stone responded by affidavit, setting forth specific facts related to her conversion claim that conflict with Mr. Cazeau's affidavit.
 {¶ 13} Mr. Cazeau and Ms. Nixon have argued that Ms. Stone's affidavit is insufficient to carry her burden of demonstrating a genuine issue of material fact and have directed this Court's attention to McPherson v.Goodyear Tire Rubber Co., 9th Dist. No. 21499, 2003-Ohio-7190, in which a panel of this Court wrote: *Page 8 
 A party's unsupported and self-serving assertions offered to demonstrate issues of fact, standing alone and without corroborating materials contemplated by Civ.R. 56, are simply insufficient [to overcome a properly supported motion for summary judgment]. In other words, when the moving party puts forth evidence tending to show that there are no genuine issues of material fact, the nonmoving party may not avoid summary judgment solely by submitting a self-serving affidavit containing no more than bald contradictions of the evidence offered by the moving party. To conclude otherwise would enable the nonmoving party to avoid summary judgment in every case, crippling the use of Civ.R. 56 as a means to facilitate "the early assessment of the merits of claims, pre-trial dismissal of meritless claims, and defining and narrowing issues for trial."
Id at ¶ 36 (quoting from the dissent in Bank One, N.A. v. Burkey, 9th Dist. No. 99CA007359, 2000 WL 763341, at *5 (June 14, 2000)) (alterations in original). This Court has included similar language in a number of cases. See, e.g., Boyd v. Hariani, 9th Dist. No. 22500,2005-Ohio-4536, at ¶ 10; Haas v. Bradley, 9th Dist. No. 04CA008541,2005-Ohio-4256 at ¶ 22; Hooks v. Ciccolini, 9th Dist. No. 20745,2002 WL 1023172 at *2 (May 15, 2002); Scheman v. Jeglie, 9th Dist. No. 20760,2002 WL 389054, at *3 (Mar. 13, 2002). In most of these cases the nonmoving party's affidavit was inadequate, not because it was "unsupported and self-serving," but for a different reason. In Hooks v.Ciccolini, for example, the plaintiff's affidavit was insufficient to create an issue of fact regarding alleged legal malpractice in view of the defendant lawyer's affidavit that "he used the skill, knowledge, care, and diligence possessed by criminal defense attorneys in representing [the plaintiff]." Hooks v. Ciccolini, 9th Dist. No. 20745,2002 WL 1023172 at *2 (May 15, 2002). In light of the language of Rule 56 of the Ohio *Page 9 
Rules of Civil Procedure and the Ohio Supreme Court's opinion inByrd v. Smith, 110 Ohio St. 3d 24, 2006-Ohio-3455, to the extent prior decisions from this Court appear to hold that a nonmoving party may never defeat a properly supported motion for summary judgment with a "self-serving" affidavit, they are overruled.
 {¶ 14} Rule 56(C) of the Ohio Rules of Civil Procedure contemplates that both moving and nonmoving parties may fulfill their evidentiary burdens by providing affidavits, and Rule 56(E) provides that the nonmoving party may satisfy its burden "by affidavit or as otherwise provided in this rule[.]" The use of the disjunctive in Rule 56(E) means that the nonmoving party may support its response by reference to affidavits, to the other forms of evidence described in Rule 56(C), or both. Indeed, Rule 56(E) provides the only limitations that the Ohio Rules of Civil Procedure impose upon the use of affidavits:
 Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits.
While affidavits are required in some instances to authenticate documents submitted in support of or in response to a motion for summary judgment, the reverse is not true. In other words, neither a moving party nor a nonmoving party is required by Rule 56 to provide documents, discovery responses, or transcripts of evidence in addition to properly framed affidavits. When a motion for summary *Page 10 
judgment or its response points to evidence set forth in affidavits, those affidavits must be evaluated as would any other evidence permitted by Rule 56 to determine whether the affidavits demonstrate the existence or lack of genuine issues of material fact. Affidavits are, therefore, entitled to no greater weight than other evidence permitted by Rule 56(E) of the Ohio Rules of Civil Procedure. Conversely, they are not to be discounted out-of-hand.
 {¶ 15} This point is underscored by the recent opinion of the Ohio Supreme Court in Byrd v. Smith, 100 Ohio St. 3d 24, 2006-Ohio-3455. In that case, the Court held that, when a nonmoving party's affidavit apparently contradicts his prior deposition testimony, the affidavit still may be sufficient to overcome the motion for summary judgment if the nonmoving party offers a sufficient explanation for the inconsistency. Id. at ¶ 27-29.
 {¶ 16} If a nonmoving party may overcome a motion for summary judgment with his own affidavit to establish genuine issues of material fact, even in the face of his earlier, apparently contradictory deposition testimony, it stands to reason that this Court can not maintain the position that an affidavit alone is insufficient to carry the nonmoving party's burden. To the extent decisions of this Court appear to hold otherwise, those decisions are overruled. A nonmoving party may defeat a properly supported motion for summary judgment with his own affidavit that demonstrates the existence of genuine issues of material fact. *Page 11 
 {¶ 17} In this case, application of the rule compels this Court to sustain Ms. Stone's assignment of error to the extent it is addressed to her conversion claim. Both parties relied on affidavits to fulfill their evidentiary burdens on summary judgment. Ms. Stone's affidavit contradicted Mr. Cazeau's on a point that is material to her conversion claim: she maintained that he and Ms. Nixon prevented her from retrieving her property from the home; Mr. Cazeau maintained that Ms. Stone had successfully retrieved all of her property. To the extent that Ms. Stone's assignment of error relates to her claim for conversion, it is sustained.
 CONCLUSION {¶ l8} Ms. Stone's assignment of error is overruled to the extent it is addressed to her wrongful eviction claim, but is sustained to the extent it is addressed to her conversion claim. The judgment of the Lorain County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded to the trial court for further proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into *Page 12 
execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
 WHITMORE, P. J. CARR, J. CONCUR. *Page 1