DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 INTRODUCTION {¶ 1} Grace Malz is the executrix of her husband's estate. In 2003, she discovered damage to a pump house located on property owned by the estate. Ms. Malz, as executrix, sued Cosmo and Jane Olivieri and the Olivieri Family Partnership LTD, owners of the adjoining property, alleging damage to the pump house, wrongful trespass, and intentional infliction of emotional distress. The trial court granted summary judgment to the defendants, and the estate has appealed. The estate has argued that the trial court incorrectly granted summary judgment to *Page 2 
the defendants on its property damage claim. This Court affirms the trial court's judgment because there is no genuine issue of material fact regarding the estate's ownership and control of the property at the time the damage occurred, and the defendants are entitled to judgment as a matter of law.
 BACKGROUND {¶ 2} Sam Malz purchased two adjoining properties on Mogadore Road in the 1980s. The original owner of the properties had constructed five apartment buildings on one parcel and a sewer pump house to serve the apartment buildings on the other. The pump house, which was located near the roadway in a wooded area, was secured with a padlock.
 {¶ 3} When Mr. Malz died in late 1994, the property containing the pump house became part of his estate. The property containing the apartments was purchased in foreclosure by Cosmo Olivieri in 1995. Mr. Olivieri believed that the pump house was on his property and continued to use it for the benefit of the apartment buildings. In order to keep the pumps operational, Mr. Olivieri maintained electric service to the pump house in his name. When a dispute arose with Mr. Malz's estate about ownership of the pump house property, Mr. Olivieri sued the estate, alleging that he held an implied easement on the pump house property for benefit of the apartment buildings. His lawsuit was unsuccessful, and Mr. Olivieri appealed to this Court. In 2001, while the appeal was pending, Mr. Olivieri disconnected the apartments from the pump house and ended electrical *Page 3 
service to the building. He moved to voluntarily dismiss the appeal as moot and served a copy of his motion, which explained that he had disconnected his buildings from the pumps, on Ms. Malz.
 {¶ 4} Ms. Malz claimed that she could not enter the pump house in 2001 because it was padlocked. Two years later, she had the padlock removed. When she entered the building, she found damage to the pump house and its contents caused by accumulated water. The estate and the defendants agree that Mr. Olivieri stopped using the pump house in 2001 and that he discontinued electrical service to the building with Ms. Malz's knowledge. They also agree that the machinery in the pump house was in good working order at that time. The estate, however, has claimed that the defendants are responsible for the damage to the pump house and its contents.
 THE STANDARD OF REVIEW {¶ 5} The estate' s sole assignment of error is that the trial court incorrectly granted summary judgment to the defendants. In reviewing a trial court's ruling on a motion for summary judgment, this Court applies the same standard a trial court is required to apply in the first instance: whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law.Parenti v. Goodyear Tire Rubber Co., 66 Ohio App. 3d 826, 829 (1990).
 THE PROPERTY DAMAGE CLAIM *Page 4 {¶ 6} The defendants argued to the trial court that the damage to the pump house happened after Mr. Olivieri built his own pump house and ended his connection to the one on the Malz property. They argued that the damage was not the result of Mr. Olivieri's action, but of Ms. Malz's failure to maintain the pump house. They supported their motion for summary judgment with the affidavits of Mr. and Ms. Olivieri and Robert Winebrenner, the engineer who designed Mr. Olivieri's new pump house; the deposition of Ms. Malz; and various documents filed during litigation between the parties.
 {¶ 7} The estate argued that Mr. Olivieri blocked Ms. Malz's access to the pump house by padlocking the door and that she was unable to enter to inspect or maintain the equipment inside. It pointed to the affidavit of Ms. Malz, in which she stated that Mr. Olivieri padlocked the door and would not remove the padlock when asked. Despite this statement, however, there is no evidence in the record tending to prove that the damage could be attributed to Mr. Olivieri's actions. While Ms. Malz's affidavit does allege that Mr. Olivieri padlocked the door to the pump house, it appears that the affidavit refers to Mr. Olivieri's actions prior to disconnecting his buildings from the pumps in 2001. The affidavit also acknowledges that Mr. Olivieri ended his connection (although, again, without reference to a date) and that Ms. Malz did not break the padlock to enter until 2003. The estate failed to establish a genuine issue of fact regarding whether Mr. Olivieri caused the damage. This Court, therefore, reaches the same conclusion as *Page 5 
the trial court regarding whether there are genuine issues of fact, but for a different reason. This Court does not discount Ms. Malz's affidavit as "self serving," but concludes instead that it does not point to genuine issues of material fact. See Stone v. Cazeau, 9th Dist. No. 07CA009164, 2007-Ohio-6213, at ¶ 13-16.
 {¶ 8} In reviewing a motion for summary judgment, this Court must construe the evidence in a way that is favorable to the nonmoving party.Horton v. Harwich Chem. Corp., 73 Ohio St. 3d 679, 686-87 (1995). Even under this standard, the defendants are entitled to judgment on the estate's claim as a matter of law. Mr. Olivieri complied with the judgment of the Summit County Common Pleas Court that required him to disconnect his apartment properties from the pump located on the Malz property. Ms. Malz was aware that the judgment required Mr. Olivieri to do so. In fact, Ms. Malz sent a letter to Mr. Olivieri on May 22, 2000, to inform him that she planned to end his connection if he did not do so by the court-ordered deadline. The disconnection was effective on April 20, 2001, a fact that was communicated to Ms. Malz through Mr. Olivieri's motion to voluntarily dismiss his appeal to this Court. Although the estate was in possession of the Malz property and Mr. Olivieri's connection to the pump house had ended, Ms. Malz did not take any action to monitor or maintain the pumps until two years later. The estate is entitled to judgment as a matter of law because, even viewing the evidence in the light most favorable to the estate, there is no indication that the *Page 6 
damage can be attributed to Mr. Olivieri's action or inaction. The estate's assignment of error is overruled.
 CONCLUSION {¶ 9} The estate's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 7 
Costs taxed to appellant.
 SLABY, P. J. CARR, J. CONCUR *Page 1