[Cite as *State v. Dixon*, 2011-Ohio-4771.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| COUNTY OF SUMMIT | )ss: | NINTH JUDICIAL DISTRICT |
| | ) | |

| STATE OF OHIO | | C.A. No. 25696 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JANICE M. DIXON nka  JANICE M. BAKER | | STOW MUNICIPAL COURT COUNTY OF SUMMIT, OHIO CASE No.     2009 CVF 04055 |
| Appellant | | |

DECISION AND JOURNAL ENTRY

Dated: September 21, 2011

BELFANCE, Presiding Judge.

{¶1}    Appellant, Janice Dixon, appeals the order of the Stow Municipal Court that granted summary judgment to the State of Ohio for unpaid educational expenses owed to the University of Akron.  This Court reverses.

{¶2}    Ms. Dixon graduated from the University of Akron in 1999.  In 2010, the State of Ohio sued her for $1,580.85 in educational expenses that it alleged were due and owing on her university account.  The parties filed cross-motions for summary judgment, and Ms. Dixon supported her motion with her own affidavit and an affidavit provided by her sister.  She also moved to dismiss the case based on the allegation that the State of Ohio is not the real party in interest.  The trial court granted summary judgment to the State, concluding that Ms. Dixon's "bare self-serving assertions" could not demonstrate a genuine issue of material fact regarding whether all of her educational expenses had been paid.  The trial court did not rule on Ms. Dixon's motion to dismiss.

## ASSIGNMENT OF ERROR I

**"THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT WHERE THERE WERE GENUINE ISSUES OF MATERIAL FACTS, IN VIOLATION OF RULE 56 OF THE OHIO RULES OF CIVIL PROCEDURE."**

**{¶3}** Ms. Dixon's first assignment of error is that the trial court erred by granting summary judgment based on the conclusion that her affidavit could not demonstrate genuine issues of material fact. This Court agrees.

**{¶4}** This Court reviews an order that grants summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105. Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. See Civ.R. 56(C). In applying this standard, evidence is construed in favor of the nonmoving party, and summary judgment is appropriate if reasonable minds could only conclude that judgment should be entered in favor of the movant. *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, at ¶10. Before the trial court may consider whether the moving party is entitled to judgment as a matter of law, however, it must determine whether there are genuine issues of material fact for trial. Id. at ¶12.

**{¶5}** The moving party "'bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims.'" *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, quoting *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293. The nonmoving party then has a reciprocal burden to set forth specific facts, by affidavit or as otherwise provided by Civ.R. 56(E), which demonstrate that there is a genuine issue for trial. *Byrd* at ¶10.

**{¶6}** As this Court has recognized, the plain language of Civ.R. 56 contemplates that a party may rely on affidavits to establish that a genuine issue of material fact precludes summary judgment. *Stone v. Cazeau*, 9th Dist. No. 07CA009164, 2007-Ohio-6213, at ¶¶13-16. As we explained in that case:

> "[N]either a moving party nor a nonmoving party is required by Rule 56 to provide documents, discovery responses, or transcripts of evidence in addition to properly framed affidavits. When a motion for summary judgment or its response points to evidence set forth in affidavits, those affidavits must be evaluated as would any other evidence permitted by Rule 56 to determine whether the affidavits demonstrate the existence or lack of genuine issues of material fact. Affidavits are, therefore, entitled to no greater weight than other evidence permitted by Rule 56(E) of the Ohio Rules of Civil Procedure. Conversely, they are not to be discounted out-of-hand."

Id. at ¶14. When a nonmovant's affidavit demonstrates issues of fact that are both genuine and material, summary judgment is improper. See *Stone* at ¶¶13-16. On the other hand, an affidavit that does not demonstrate genuine issues of material fact does not prevent summary judgment in favor of the moving party. See *Estate of Malz v. Olivieri*, 9th Dist. No. 23724, 2007-Ohio-7048, at ¶¶7-8.

**{¶7}** Ms. Dixon's affidavit provided that, to the best of her knowledge, she had "paid the University of Akron all monies due, including all tuition, fees, and costs," and that she graduated in 1999 without an outstanding balance on her account. She stated that she did not receive any communication from the University informing her that a bank draft had been dishonored and, in fact, had no reason to believe she had an outstanding balance until the State commenced collection proceedings against her in 2009 via tax intercept. Ms. Dixon also noted that, due to the passage of time, bank records documenting her payment would be difficult to obtain.

{¶8} The statements in Ms. Dixon's affidavit are "'real, not abstract, frivolous, or merely colorable.'" *Craddock v. Flood Co.*, 9th Dist. No. 23882, 2008-Ohio-112, at ¶18, quoting *Weber v. Antioch Univ.* (Mar. 8, 1995), 2d. Dist. No. 94-CA-83, at *2. They are material to the question at issue in this case: whether Ms. Dixon has a delinquent student account from her studies at the University of Akron. See, generally, *Wochna v. Mancino*, 9th Dist. No. 07CA0059-M, 2008-Ohio-996, at ¶9, citing *Anderson v. Liberty Lobby, Inc*. (1986), 477 U.S. 242, 248. ("A disputed fact is material if it is an essential element of the claim as determined by the applicable substantive law-one which might affect the outcome of the litigation.") As such, her affidavit is sufficient to demonstrate that there are genuine issues of material fact, and the trial court erred by granting summary judgment to the State. Ms. Dixon's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

### "THE TRIAL COURT ERRED WHEN IT FAILED TO DISMISS THE CASE FOR LACK OF STANDING."

{¶9} Ms. Dixon's second assignment of error is that the trial court erred by failing to address her motion to dismiss in which she raised the issue of standing. In light of our resolution of her first assignment of error, we decline to address the merits of her motion to dismiss for the first time on appeal. See, e.g., *Eden v. Eden*, 9th Dist. No. 03CA008250, 2003-Ohio-3588, at ¶11.

{¶10} Ms. Dixon's first assignment of error is sustained, and the judgment of the Stow Municipal Court is reversed.

Judgment reversed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

 

EVE V. BELFANCE
FOR THE COURT

CARR, J.
MOORE, J.
CONCUR

APPEARANCES:

ADAM M. VAN HO and JAMES A. MERLITTI, Attorneys at Law, for Appellant.

SCOTT W. PARIS, PAUL K. RODE and MICHAEL S. BERKOWITZ, Attorneys at Law, for Appellee.