[Cite as *Billi v. Moyse-Morgan Ents. Inc.*, 2013-Ohio-1214.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

DIANE BILLI

     Appellant

     v.

MOYSE-MORGAN ENTERPRISES INC.,
et al.

     Appellee

C.A. No.     12CA010260

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     11CV171382

DECISION AND JOURNAL ENTRY

Dated: March 29, 2013

WHITMORE, Judge.

{¶1}    Plaintiff-Appellant, Diane Billi, appeals from the judgment of the Lorain County Court of Common Pleas, granting summary judgment in favor of Defendant-Appellees, Moyse-Morgan Enterprises, Inc. and GJ2K, Inc. ("Appellees"). This Court affirms in part, and reverses in part.

I

{¶2}    In July 2009, Billi, her boyfriend, Jason MacAtee, and a couple of friends went out for drinks. The group first met at LaPorte Inn, where they stayed for an hour or so and had a beer or two. The group then decided to move on to the Pheasant Run Inn bar, where they gathered in the patio area. After about an hour and a half, Billi climbed onto one of the plastic tables to dance and one of her male friends joined her. From here the accounts differ.

{¶3}    MacAtee testified that the table immediately began to crack and after a couple of minutes it broke in half and Billi fell to the ground, breaking her leg and cutting her upper lip.

MacAtee said that Billi was repeatedly told by the bar's staff to get off the table. Kyler Whitacre, one of the bar's owners, testified that he approached Billi and told her to get off the table. According to Whitacre, as he reached out his hand to help her down, MacAtee attacked the table and Billi fell. MacAtee testified that after Billi fell, a group of men tackled him and a fight started. MacAtee extracted himself from the fight, picked Billi up, and carried her inside. Billi and MacAtee left the bar shortly thereafter, ultimately taking Billi to the hospital.

{¶4} According to Billi, MacAtee had been drinking beer and shots of whiskey at Pheasant Run Inn and was stumbling drunk. Billi said the bar continued serving MacAtee alcohol. Billi filed suit against (1) Moyse-Morgan Enterprises, Inc. as owner of Pheasant Run Inn; (2) GJ2K, Inc., as the liquor permit holder; (3) a John Doe owner; and (4) a John Doe bartender. The complaint alleged all were negligent in continuing to serve MacAtee alcohol after he was intoxicated. The complaint also alleged a Dram Shop Act claim against Appellees for serving alcohol to an intoxicated person.

{¶5} Moyse-Morgan Enterprises, Inc. filed a partial motion for summary judgment, arguing that it did not have an ownership interest in Pheasant Run Inn at the time of the incident. The court did not rule on this motion. Subsequently, Appellees filed a joint motion for summary judgment, which the court granted. Billi now appeals and raises two assignments of error for our review.

II

Assignment of Error Number One

THE TRIAL COURT ERRONEOUSLY GRANTED SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS-APPELLEES, MOYSE & MORGAN ENTERPRISES, INC. AND GJ2K, INC. ON PLAINTIFF-APPELLANT'S NEGLIGENCE CLAIM.

{¶6} In her first assignment of error, Billi argues that the court erred when it granted Appellees' motion for summary judgment on her claims of negligence because there remained a genuine issue of material fact to be decided by the jury.

{¶7} As a preliminary matter, this Court is required to sua sponte raise questions related to our jurisdiction. *State v. Harger*, 9th Dist. No. 26208, 2012-Ohio-2604, ¶ 4. This Court has jurisdiction only to hear an appeal taken from a judgment or final, appealable order. Ohio Constitution, Article IV, Section 3(B)(2). "An order which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable." *Noble v. Colwell*, 44 Ohio St.3d 92 (1989), syllabus.

{¶8} Billi filed her complaint on March 16, 2011, and listed the defendants as (1) Moyse-Morgan Enterprises, Inc. d/b/a Pheasant Run Inn; (2) GJ2K, Inc.; (3) John Doe Owner; and (4) John Doe Bartender. The docket reflects that all defendants were served by certified mail. Billi never filed an amended complaint to substitute the John Does. Further, there is no evidence that the John Doe defendants were ever personally served as required by Civ.R. 15(D). *Erwin v. Bryan*, 125 Ohio St.3d 519, 2010-Ohio-2202, paragraph one of the syllabus. The court granted summary judgment in favor of the named defendants on June 20, 2012, but made no mention of the John Doe defendants.

{¶9} Because Billi did not perfect service on the unnamed defendants within one year as required by Civ.R. 3(A), the action never commenced against them. *Woodham v. Elyria Memorial Hosp.*, 9th Dist. No. 00CA007736, 2001 WL 753268, *1 (July 5, 2001). The action had commenced only against the two named defendants, and the trial court's order disposed of all claims against those two defendants. Accordingly, Civ.R. 54(B) language was not required.

*See Thomas v. 4-K Transport*, 9th Dist. No. 23162, 2006-Ohio-5426, ¶ 5. After reviewing the record, we conclude Billi has appealed from a final judgment.

{¶10} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). To prevail on a motion for summary judgment, the moving party must show:

> (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶11} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Once this burden is satisfied, the burden shifts to the non-moving party to offer specific facts to show a genuine issue for trial. *Id.* at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. *Brannon v. Executive Properties, Inc.*, 9th Dist. No. 26298, 2012-Ohio-5483, ¶ 6; Civ.R. 56(E).

{¶12} In her first assignment of error, Billi argues that the court erred when it granted Appellees' motion for summary judgment "based on Appellees' assertion that Billi assumed the risk of injury." However, the court's judgment does not state the basis for its decision to grant summary judgment in favor of Appellees, other than it found there were no genuine issues of material fact.

{¶13} Billi asserted in her complaint that Appellees were negligent because MacAtee continued to be served alcoholic beverages when they knew or should have known that he was

intoxicated. Further, Billi argues, Appellees were negligent in allowing MacAtee to remain on the premises, causing an unreasonable risk of harm to the patrons. Because of Appellees' negligence, according to Billi, she suffered physical injuries. Appellees argue that R.C. 4399.18 "provides the sole means of imposing liability on a liquor permit holder," and therefore the court did not err in granting summary judgment on Billi's negligence claims.

{¶14} "Historically, common law in Ohio prohibited a cause of action against a liquor permit holder for injury caused by an intoxicated person." *Lesnau v. Andate Enterprises, Inc.*, 93 Ohio St.3d 467, 468 (2001). In 1986, the Dram Shop Act codified certain exceptions to the general rule of prohibiting liability. "The Dram Shop Act intended to continue the longstanding rule of limiting the liability of liquor permit holders, not expanding their liability. Any exception to the general rule was explicit and narrow." *Id.*, citing *Klever v. Canton Sachsenheim, Inc.*, 86 Ohio St.3d 419, 421 (1999). "This Court has previously determined that the Ohio Dram Shop Act, R.C. 4399.18, does in fact 'provide[ ] the sole means for imposing liability on a liquor permit holder when a third party suffers injuries caused by the permit holder's intoxicated patron.'" *Jackson v. Walker*, 9th Dist. No. 22996, 2006-Ohio-4351, ¶ 20, quoting *Diquattro v. Stellar Group, Inc.*, 9th Dist. No. 04CA0095-M, 2005-Ohio-6457, ¶ 11.

{¶15} Billi does not argue with Appellees' assertion that R.C. 4399.18 provides the sole means for liability. We note that we have previously held that a liquor permit holder may have additional liability for claims that are "independent of the sale or service of alcohol." *Auto-Owners Ins. Co. v. JC KC, Inc.*, 9th Dist. No. 18937, 1998 WL 766695, *4 (Nov. 4, 1998), citing *Prince v. Buckeye Union Ins. Co.*, 5th Dist. No. 92-CA-6, 1992 WL 362578 (Dec. 2, 1992). Assuming without deciding that those cases are still good law, we conclude those cases are

inapplicable here. Billi's claims all arise from the allegation that MacAtee continued to be served alcohol by Appellees after the staff knew or should have known that he was intoxicated.

**{¶16}** Under the facts alleged in her complaint R.C. 4399.18 provides the sole means for imposing liability on Appellees as the liquor permit holders. Therefore, the court did not err in granting Appellees' motion for summary judgment on Billi's negligence claims. Billi's first assignment of error is overruled.

Assignment of Error Number Two

> THE TRIAL COURT ERRONEOUSLY GRANTED SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS-APPELLEES, MOYSE & MORGAN ENTERPRISES, INC. AND GJ2K, INC. ON PLAINTIFF-APPELLANT'S DRAM SHOP CLAIM.

**{¶17}** In her second assignment of error, Billi argues that the court erred when it granted Appellees' motion for summary judgment on her Dram Shop Act claim because there remained a genuine issue of material fact. Billi asserted in her complaint that Appellees were liable under R.C. 4399, et seq. because they knew or should have known that MacAtee was intoxicated, they continued to serve him alcoholic beverages, and MacAtee caused Billi's injuries.

**{¶18}** Because Billi's assignment of error also relates to the trial court's decision to grant Appellees' motion for summary judgment, we incorporate the de novo standard of review set forth in the first assignment of error. Again, to prevail on a motion for summary judgment, the moving party must show:

> (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party.

*Temple*, 50 Ohio St.2d at 327.

{¶19} Under R.C. 4399.18 a liquor permit holder may be liable for personal injuries that occur on the permit holder's premises. A plaintiff seeking to establish a prima facie claim for injuries sustained on the permit holder's premises must show:

(1) the act of an intoxicated person caused the personal injury * * *;

(2) the intoxicated person's act occurred on the liquor permit holder's premises; and

(3) the intoxicated person's act was proximately caused by the liquor permit holder's negligence in knowingly serving intoxicating beverages to the already intoxicated person.

(Internal quotations omitted.) *Jackson*, 2006-Ohio-4351, at ¶ 21.

{¶20} Therefore, Billi must present evidence to establish that MacAtee was intoxicated, that the bar staff continued to serve MacAtee alcohol after the staff knew or should have known he was intoxicated, and MacAtee's actions caused her injuries.[1]

{¶21} The record contains depositions from Billi, MacAtee, and Whitacre. Billi testified that MacAtee was so intoxicated that he was stumbling, he had been drinking beer and shots of whiskey at the outside bar, and that he caused the table on which she was dancing to flip, causing her to fall to the ground and sustain physical injuries. Billi said she believed the bar was liable because "knowing that [MacAtee] was drunk, they shouldn't have served him any more alcohol."

{¶22} Whitacre averred that he had no idea how much alcohol MacAtee had consumed, if any. He further testified that while he was attempting to get Billi down from the table, MacAtee came from behind him and attacked the table. According to Whitacre, the "table [then] went flying" which caused Billi to fall.

---

[1] The parties do not dispute that Billi's injuries occurred on Pheasant Run Inn's premises.

{¶23} MacAtee avowed that he was not intoxicated, and that he only had two beers that evening, the last of which he did not even finish. MacAtee testified that the plastic table broke in half, causing Billi to fall to the ground and that he did not touch the table. However, he admitted writing a letter to Billi's attorney to the contrary, in which he said that he fell into the table and then Billi fell off. MacAtee said that he simply worded the letter wrong. MacAtee's testimony in his deposition was that the table broke, Billi fell, and then he was tackled by a group of men. MacAtee testified that Billi's leg was broken not from the fall off of the table, but from the stampede of men that came and tackled him.

{¶24} Appellees argue that "Billi relies solely upon her own self-serving testimony in support of her [argument]." We agree. However, self-serving statements are not to be discounted out-of-hand. *See Stone v. Cazeau*, 9th Dist. No. 07CA009164, 2007-Ohio-6213, ¶ 14. The court must review all of the evidence under Civ.R. 56 to determine whether it demonstrates issues of fact that are both genuine and material. *State v. Dixon*, 9th Dist. No. 25696, 2011-Ohio-4771, ¶ 6. Further, in reviewing a motion for summary judgment, evidence should be construed in favor of the non-moving party. *Grafton*, 77 Ohio St.3d at 105.

{¶25} In her deposition, Billi testified that the bar knew MacAtee was intoxicated and they continued to serve him alcohol. She further testified that MacAtee hit the table which caused it to flip and for her to fall, and that it was the fall that caused her to break her leg and require stiches in her upper lip. There is no dispute that the incident occurred on the premises of Pheasant Run Inn. Construing the evidence in favor of Billi, we conclude there is a genuine issue of material fact as to whether Appellees are liable under the Dram Shop Act. Therefore, the court erred in granting summary judgment in favor of Appellees.

{¶26} Appellees' argue that the court did not err in granting summary judgment for Moyse-Morgan Enterprises, Inc. because it did not have an ownership interest in Pheasant Run Inn at the time of the incident. Moyse-Morgan Enterprises had filed a partial motion for summary judgment in the trial court, arguing that it did not have an ownership interest. The court did not rule on this motion. Subsequently, Appellees filed a joint motion for summary judgment. The court granted the joint motion without any explanation beyond that it found there to be no genuine issue of material fact. Therefore, it is unclear if the trial court considered Moyse-Morgan Enterprises' ownership interest or whether the court granted summary judgment because it found Billi had failed to offer specific facts to show a genuine issue for trial. *See Dresher*, 75 Ohio St.3d at 293. In light of our decision to remand the case, we decline to address this issue in the first instance. *Harris-Coker v. Abraham*, 9th Dist. No. 26053, 2012-Ohio-4135, ¶ 4 ("[T]his Court will not consider the issues relevant to a motion for summary judgment in the first instance.").

{¶27} Billi's second assignment of error is sustained.

III

{¶28} Billi's first assignment of error is overruled, and her second assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

BETH WHITMORE
FOR THE COURT

BELFANCE, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

BARRY R. MURNER and BRETT F. MURNER, Attorneys at Law, for Appellant.

JOSEPH G. RITZLER, and JOHN A. RUBIS, Attorneys at Law, for Appellee.