[Cite as *Wells Fargo Bank, N.A. v. Fridley*, 2014-Ohio-5604.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

WELLS FARGO BANK, N.A.

    Appellee

    v.

NANCY J. FRIDLEY aka NANCY
FRIDLEY, et al.

    Appellant

C.A. No.     13CA0049

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    13-CV-0091

DECISION AND JOURNAL ENTRY

Dated: December 22, 2014

BELFANCE, Presiding Judge.

{¶1} Defendant-Appellant Nancy J. Fridley appeals the entry of the Wayne County Court of Common Pleas granting summary judgment in favor of Plaintiff-Appellee Wells Fargo Bank, N.A. ("Wells Fargo") and issuing a decree in foreclosure. For the reasons set forth below, we reverse.

I.

{¶2} In September 1995, Ms. Fridley's parents, Edward and Clarice Banks, executed a promissory note in favor of Ohio Savings Bank, F.S.B. for $67,000 that was secured by a mortgage granting a security interest in 116 W. Britton Road in Burbank, Ohio to Ohio Savings Bank, F.S.B. The promissory note was endorsed in blank and the mortgage was assigned to Wells Fargo in 2006. Following Mr. Banks' death, Mrs. Banks transferred the property by general warranty deed to Ms. Fridley in February 2012. Subsequently, Mrs. Banks also passed away.

{¶3}    In February 2013, Wells Fargo filed a two-count complaint in foreclosure against Ms. Fridley and the unknown spouse of Ms. Fridley.  In count one, Wells Fargo alleged that it was in possession of and entitled to enforce the note signed by the Banks, that the Defendants "defaulted under the terms of the note[,]" and that $44,457.70 plus interest was due Wells Fargo. In count two, Wells Fargo asserted that it was assigned the mortgage, that it complied with all conditions precedent, and that it was entitled to have the mortgage foreclosed.  Wells Fargo further acknowledged that Ms. Fridley might claim an interest in the property as the current titleholder.  Wells Fargo sought a finding of default in the amount of $44,457.70 plus interest and foreclosure of the mortgage along with sale of the property and that it be paid out of the proceeds.  Ms. Fridley answered the complaint, only admitting that she may claim an interest in the property as the current titleholder.

{¶4}    Wells Fargo moved for default judgment against the unknown spouse of Ms. Fridley and for summary judgment against Ms. Fridley.  In support of its motion for summary judgment it attached the affidavit of a vice president of loan documentation at Wells Fargo, Yolanda Griffin, along with a copy of the note, mortgage, and the assignment of the mortgage. Ms. Fridley opposed the motion with her own affidavit, and Wells Fargo filed a reply.

{¶5}    The trial court found "there is due and owing to [Wells Fargo], upon the subject Note the principal balance of $44,457.70, for which amount judgment is hereby rendered in favor of [Wells Fargo], with interest at the rate of 7.7500 percent per annum from August 1, 2012 * * *."  Additionally, the trial court found that "the conditions of [the] Mortgage have been broken and [Wells Fargo] is entitled to have the equity of redemption of the defendant-titleholders foreclosed."

{¶6}    Ms. Fridley has appealed, raising two assignments of error for our review.

II.

SUMMARY JUDGMENT STANDARD OF REVIEW

{¶7}     In reviewing a trial court's ruling on a motion for summary judgment, "[w]e apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Garner v. Robart*, 9th Dist. Summit No. 25427, 2011-Ohio-1519, ¶ 8.   Pursuant to Civ.R. 56(C), summary judgment is appropriate when:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).   To succeed on a summary judgment motion, the movant bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996).  If the movant satisfies this burden, the nonmoving party "'must set forth specific facts showing that there is a genuine issue for trial.'"  *Id*. at 293, quoting Civ.R. 56(E).

ASSIGNMENT OF ERROR I

> THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT HEREIN AS WELLS FARGO CANNOT SUCCEED ON COUNT 1 OF THEIR COMPLAINT WITHOUT JOINING A NECESSARY PARTY.

{¶8}     Ms. Fridley essentially asserts in her first assignment of error that the trial court erred in granting Wells Fargo a money judgment on the note because Wells Fargo did not join the Banks' estate as a party.  We agree.

{¶9}   We note that Wells Fargo maintains that it did not seek a monetary judgment on the note in its complaint or motion for summary judgment.  Nonetheless, the complaint is structured so as to set forth two counts:  the first relating to the amount due under the note and the second seeking to foreclose based upon the mortgage.  The complaint asserts the she or her unknown spouse "defaulted under the terms of the note[]" and that $44,457.70 is due and owing Wells Fargo.  Thus, although count one is somewhat unclear, it appears that Wells Fargo is seeking a monetary judgment on the note.  While Wells Fargo does not specifically state in the complaint that it seeks a monetary judgment on the note, and agrees that Ms. Fridley would not be liable on the note as she was not a signatory, the trial court nonetheless awarded Wells Fargo a monetary judgment on the note.  The trial court found "there is due and owing to [Wells Fargo], upon the subject Note the principal balance of $44,457.70, for which amount judgment is hereby rendered in favor of [Wells Fargo], with interest at the rate of 7.7500 percent per annum from August 1, 2012 * * *."

{¶10}   Assuming that Wells Fargo did not assert in its complaint a claim for a monetary judgment on the note or so move in its motion for summary judgment, the trial court erred in awarding summary judgment on a claim that was not before it.  *See Schaffer v. First Merit Bank, N.A.,* 186 Ohio App.3d 173, 2009-Ohio-6146, ¶ 11 (9th Dist.) ("It is reversible error to award summary judgment on grounds not specified in the motion for summary judgment.  * * * The trial court may not rely on law or fact that is not presented in the moving party's motion.") (Internal quotations and citation omitted.).

{¶11}   However, assuming that the trial court was correct in concluding that Wells Fargo was seeking a monetary judgment on the note in its complaint and motion for summary judgment, the trial court erred in granting summary to Wells Fargo by awarding it a monetary

judgment on the note. The only signatories to the note were the Banks, and it is undisputed that they are both deceased. Thus, in order for Wells Fargo to recover a monetary judgment on the note, it had to name the estate of the Banks as a party. *See James B. Nutter & Co. v. Phillips,* 2d Dist. Montgomery No. 25327, 2013-Ohio-184, ¶ 6, quoting *Chaco Credit Union, Inc. v. Perry,* 12th Dist. Butler No. CA2011-05-089, 2012-Ohio-1123, ¶ 12, quoting *Ohio Sav. Bank v. Virden*, 9th Dist. Summit No. 17885, 1997 WL 89222, *2 (Feb. 26, 1997); *see also Chaco Credit Union, Inc.* at ¶ 12, quoting *CitiMortgage, Inc. v. Bumphus,* 197 Ohio App.3d 68, 2011-Ohio-4858, ¶ 25 (6th Dist.) ("In other words, '[i]t is only when the mortgagee seeks a money judgment that the estate must be made a party to the action."); *Fifth Third Mtge. Co. v. Perry,* 4th Dist. Pickaway No. 12CA13, 2013-Ohio-3308, ¶ 44. As the trial court awarded Wells Fargo a monetary judgment on the note and Wells Fargo did not make the estate of the Banks a party to the action, the trial court erred in awarding Wells Fargo a monetary judgment on the note.

{¶12} Accordingly, irrespective of whether Wells Fargo asserted a claim for a monetary judgment on the note, the trial court erred in granting one. Ms. Fridley's first assignment of error is sustained.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT HEREIN AS A QUESTION OF MATERIAL FACT EXISTS AS TO AMOUNT DUE WITH RESPECT TO MORTGAGE.

{¶13} Ms. Fridley asserts in her second assignment of error that the trial court erred in granting Wells Fargo summary judgment authorizing foreclosure because there was a genuine dispute of material fact with respect to the amount due. We agree.

{¶14} "The prerequisites for a party seeking to foreclose a mortgage are execution and delivery of the note and mortgage; valid recording of the mortgage; default; and establishing an

amount due. A foreclosure order must also determine the amounts due to all claimants." (Internal quotations and citations omitted.) *CitiMortgage, Inc. v. Firestone,* 9th Dist. Summit No. 25959, 2012-Ohio-2044, ¶ 11.

{¶15} We note that, on appeal, and below, Ms. Fridley has not asserted that Wells Fargo failed to meet its summary judgment burden; instead, she argues that she met her reciprocal burden and demonstrated a genuine dispute of material fact with respect to the amount due on the mortgage.[1] Wells Fargo attached the affidavit of Yolanda Griffin, a vice president of loan documentation with Wells Fargo, to its motion for summary judgment. With respect to the issue of the amount due, Ms. Griffin averred that,

> [a]ccording to Wells Fargo business records, payments have not been made as required under the terms of the Promissory Note and Mortgage; the account is due and owing for the 11/01/2012 payment with interest running from 10/01/2012; the last payment in the amount of $1,250.00 was received on 9/19/2012 and was applied to the July, 2012 payment[.] []According to Wells Fargo's business records, no subsequent payments to bring the loan current have been made and the default on the loan has not been cured; and [Wells Fargo] or its agent has accelerated the account, pursuant to the terms of the loan, making the entire balance due. As a result of the default on the loan and the acceleration of the debt, the total amount due to [Wells Fargo] through 5/8/2013 is $46,341.00 * * *.[2]

{¶16} Wells Fargo did not attach any documents evidencing any payments on the note or what the payoff balance would be. The only documents accompanying Ms. Griffin's affidavit were copies of the promissory note, the mortgage, and the assignment of the mortgage.

---

[1] Thus, Ms. Fridley has not challenged the quality of the summary judgment evidence submitted by Wells Fargo, and we do not express any opinion as to whether the materials satisfied Wells Fargo's initial *Dresher* burden.

[2] We note that the trial court awarded the amount requested in the complaint as opposed to the amount demonstrated via evidentiary materials presented on summary judgment. While the total attested to by Ms. Griffin is higher than the total in the complaint, the principal balance is less.

**{¶17}** Ms. Fridley's affidavit avers that she "reside[s] at 116 W. Britton Road, Burbank, OH 44214, which was deeded to [her] by [her] mother on February 17, 2012[,]" and that, "[a]lthough sporadic, [she] continued to make monthly mortgage payments on the property as [she] could, the last one being January or February, 2013."

**{¶18}** Wells Fargo contends that Ms. Fridley's affidavit is self-serving and not sufficient to rebut Wells Fargo's evidence. In doing so, it relies on *Deutsche Bank Natl. Trust Co. v. Najar,* 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657. There, the Eighth District stated that, "[g]enerally, a party's unsupported and self-serving assertions, offered by way of affidavit, standing alone and without corroborating materials under Civ.R. 56, will not be sufficient to demonstrate material issues of fact." (Internal quotations and citations omitted.) *Id.* at ¶ 42. Thus, because Ms. Fridley did not submit additional evidentiary materials and did not provide a balance that she thought was due and owing, Wells Fargo maintains that Ms. Fridley failed to meet her reciprocal burden. *See id.* at ¶ 42-43.

**{¶19}** While we understand that is our sister district's position, this Court has not automatically discounted "self-serving" affidavits when reviewing summary judgment awards. *See Billi v. Moyse-Morgan Ents. Inc.*, 9th Dist. Lorain No. 12CA010260, 2013-Ohio-1214, ¶ 24. "Rule 56(C) of the Ohio Rules of Civil Procedure contemplates that both moving and nonmoving parties may fulfill their evidentiary burdens by providing affidavits, and Rule 56(E) provides that the nonmoving party may satisfy its burden 'by affidavit or as otherwise provided in this rule[.]'" *Stone v. Cazeau,* 9th Dist. Lorain No. 07CA009164, 2007-Ohio-6213, ¶ 14. "The use of the disjunctive in Rule 56(E) means that the nonmoving party may support its response by reference to affidavits, to the other forms of evidence described in Rule 56(C), or both." *Id.*

> While affidavits are required in some instances to authenticate documents submitted in support of or in response to a motion for summary judgment, the

> reverse is not true. In other words, neither a moving party nor a nonmoving party is required by Rule 56 to provide documents, discovery responses, or transcripts of evidence in addition to properly framed affidavits.

*Id.* Thus, "[t]he court must review all of the evidence under Civ.R. 56 to determine whether it demonstrates issues of fact that are both genuine and material" and must construe that evidence in favor of the non-moving party. *Billi* at ¶ 24.

{¶20} Additionally, we note that the affidavit in this matter is more specific than the affidavit in *Najar.* Ms. Fridley averred in her affidavit that the last payment she made was in January or February 2013, whereas the affidavit in *Najar* states that at least four payments subsequent to October 2009 were made but does not specify when those payments were made. *See Najar* at ¶ 41. Moreover, the bank in *Najar* submitted more evidentiary materials (such as a copy of the payoff statement for the loan) in support of its motion than Wells Fargo did here. *See id.* at ¶ 21. Accordingly, *Najar* is also factually distinguishable from this matter.

{¶21} In this case, Ms. Griffin made a general averment in her affidavit that payments had not been made and that a certain sum was due and owing. Ms. Fridley responded via affidavit and stated that she had made payments in January or February 2013. In light of the evidence, we conclude a genuine dispute of material fact remains with respect to the amount due. Viewing the evidence in a light most favorable to Ms. Fridley, there is evidence that she made a payment in either January or February 2013, that is not accounted for by Wells Fargo's summary judgment evidence. Accordingly, there exists a dispute of fact with respect to the amount due. While it is possible that Wells Fargo returned Ms. Fridley's payment, there is no evidence either way on this issue, and we are required to review the evidence presented in a light most favorable to her. Therefore, the trial court erred in ordering foreclosure as the amount due remains disputed. Ms. Fridley's second assignment of error is sustained.

## III.

**{¶22}** In light of the foregoing, we reverse the judgment of the Wayne County Court of Common Pleas and remand the matter for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
CONCURS.

HENSAL, J.
<u>CONCURRING IN PART, AND DISSENTING IN PART.</u>

**{¶23}** I concur with the majority's resolution of Ms. Fridley's second assignment of error. I dissent, however, on its determination of the first assignment of error because I do not agree that the Banks' estates are necessary parties in this instance.

**{¶24}** Ms. Fridley was not liable under the subject promissory note and her interest in the real estate is solely an equitable interest. Because it could be interpreted that the trial court's foreclosure decree erroneously entered a default judgment on the promissory note in favor of Wells Fargo and against Ms. Fridley, the case should be reversed and remanded as she was not liable on the promissory note.

**{¶25}** This was not, however, Ms. Fridley's argument on appeal. Her captioned assignment of error was that Wells Fargo could not prevail without joining the Banks' estates as necessary parties. The majority's opinion suggests that the estate must always be made a party when the bank files a foreclosure action. "The general rule is that a mortgagee is not required to make a deceased mortgagor's estate a party unless it seeks to hold the estate liable for the debt." *Ohio Sav. Bank v. Virden*, 9th Dist. Summit No. 17885, 1997 WL 89222, *2 (Feb. 26, 1997).

**{¶26}** After reviewing the pleadings, I do not believe that Wells Fargo sought judgment on the promissory note. Rather, I believe the pleadings were clear that it prayed for a finding of default so that it could proceed with the foreclosure of all applicable interests, including Ms. Fridley's equitable interest. I would, therefore, conclude that the Banks' estates are not necessary parties to the appeal and would overrule the first assignment of error.

APPEARANCES:

DAVID C. KNOWLTON, Attorney at Law, for Appellant.

SCOTT A. KING and TERRY W. POSEY, JR., Attorneys at Law, for Appellee.