[Cite as *Myers v. Univ. Hosps. Health Sys.*, 2023-Ohio-3045.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| DANIEL MYERS | | C.A. No.     30465 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| UNIVERSITY HOSPITALS HEALTH SYSTEM, INC., et al. | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO CASE No.     CV-2020-12-3440 |
| Appellees | | |

DECISION AND JOURNAL ENTRY

Dated: August 30, 2023

---

HENSAL, Judge.

**{¶1}** Daniel Myers appeals a judgment of the Summit County Court of Common Pleas that granted summary judgment to University Hospitals Health Care System and University Hospitals Ahuja Medical Center ("University Hospitals"). This Court reverses.

I.

**{¶2}** In November 2019, Mr. Myers sought treatment from a University Hospitals urgent care facility in Twinsburg. He paid his co-pay while he was there, but the bills that he received did not reflect that payment. Mr. Myers paid two of the bills, but because his statements did not reflect payment of the co-pay, he was billed again. When Mr. Myers did not pay a balance of $55.38, University Hospitals turned his account over to a collection agency. University Hospitals ultimately identified a billing error and issued a refund to Mr. Myers. Nonetheless, Mr. Myers filed a complaint against University Hospitals that alleged fraud, unauthorized disclosure of

confidential medical information, and violations of the Ohio Consumer Sales Practices Act ("CSPA") and the Summit County Consumer Protection Ordinance ("the County Ordinance").

{¶3} University Hospitals moved for summary judgment, and Mr. Myers moved for partial summary judgment with respect to his claims under the CSPA and the County Ordinance. Mr. Myers indicated that he did not intend to pursue his claim for unauthorized disclosure of confidential information, and the trial court dismissed it on that basis. The trial court granted summary judgment to University Hospitals, concluding that Mr. Myers had not met his evidentiary burden with respect to summary judgment on his fraud claim and that the undisputed evidence established that University Hospitals was entitled to judgment as a matter of law. The trial court also granted summary judgment to University Hospitals on Mr. Myers' consumer claims. In doing so, the trial court determined that the transaction at issue was between a physician and a patient rather than a hospital and a patient and, therefore, that the CSPA and the County Ordinance did not apply. In the alternative, the trial court concluded that University Hospitals was entitled to judgment on Mr. Myers' claims if the CSPA and the County Ordinance did apply and, regardless, that University Hospitals' billing mistake was a bona fide error.

{¶4} Mr. Myers' appealed, assigning two errors for this Court's review. His assignments of error are rearranged for purposes of disposition.

II.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED UNIVERSITY HOSPITAL[S'] MOTION FOR SUMMARY JUDGMENT AS TO MR. MYER[S'] CONSUMER SALES PRACTICES ACT AND SUMMIT COUNTY CONSUMER PROTECTION ORDINANCE CLAIMS.

**{¶5}** In his second assignment of error, Mr. Myers argues that the trial court erred by granting summary judgment to University Hospitals. This Court agrees.

**{¶6}** As an initial matter, this Court notes that Mr. Myers has not separately argued his two assignments of error. Under Appellate Rule 12(A)(2), this Court "may disregard an assignment of error presented for review if the party raising it fails to * * * argue the assignment [of error] separately in the brief[.]" *See also State v. Walter*, 9th Dist. Wayne No. 20AP0020, 2022-Ohio-1982, ¶ 17; Loc.R. 16(A)(7) of the Ninth District Court of Appeals. Nonetheless, we exercise our discretion to consider Mr. Myers' assignments of error in this case. *See Walter* at ¶ 17.

**{¶7}** This Court reviews an order granting summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Consequently, this Court must "conduct[] an independent review of the evidence without deference to the trial court's findings." *Smathers v. Glass*, __ Ohio St.3d __, 2022-Ohio-4595, ¶ 30. Under Civ.R. 56(C), "[s]ummary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law." *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, ¶ 10. The moving party bears the burden of demonstrating that there are no genuine issues of material fact with reference to "appropriate evidentiary materials." *Id*. Similarly, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial[]" with reference to the type of evidentiary materials specified in Rule 56(E). *Id*., quoting Civ.R. 56(E). The trial court's role is to determine if there are disputed facts—not to weigh the evidence. *Smathers* at ¶ 32. "[O]n a summary-judgment motion, any inferences regarding the evidence, including the resolution of ambiguities or inconsistencies, must be made in a manner that favors

the nonmoving party[.]" *Id*. citing Civ.R. 56(C). The trial court does not consider whether the movant is entitled to summary judgment as a matter of law unless there is no genuine issue of material fact. *Id*. at ¶ 12.

{¶8} Both the moving party and the nonmoving party may rely on affidavits. Civ.R. 56(E). In *Stone v. Cazeau*, 9th Dist. Lorain No. 07CA009164, 2007-Ohio-6213, ¶ 14, this Court reasoned:

> When a motion for summary judgment or its response points to evidence set forth in affidavits, those affidavits must be evaluated as would any other evidence permitted by Rule 56 to determine whether the affidavits demonstrate the existence or lack of genuine issues of material fact. Affidavits are, therefore, entitled to no greater weight than other evidence permitted by Rule 56(E) of the Ohio Rules of Civil Procedure. Conversely, they are not to be discounted out-of-hand.

*Stone* at ¶ 14. We also concluded that "neither a moving party nor a nonmoving party is required by Rule 56 to provide documents, discovery responses, or transcripts of evidence in addition to properly framed affidavits[]" and overruled this Court's previous decisions to the contrary. *Id*. at ¶ 14.

{¶9} In this case, the trial court concluded that Mr. Myers' affidavit was not "evidentiary quality[.]" In doing so, the trial court characterized it as "self-serving" and observed that it was not corroborated by other factual evidence. As this Court has previously held, however, a party's own properly framed affidavit is acceptable for purposes of Civ.R. 56(E) and need not be corroborated by other evidence. *Stone* at ¶ 13-14. The trial court also noted instances of disputed facts throughout its decision and, in reaching its conclusions, appears to have misapplied the summary judgment standard by weighing the evidence. *See Horner v. Elyria*, 9th Dist. Lorain No. 13CA010420, 2015-Ohio-47, ¶ 11.

{¶10} "The material issues of each case are identified by substantive law." *Byrd*, 110 Ohio St.3d 24, 2006-Ohio-3455, ¶ 12. With respect to Mr. Myers' CSPA claims, the threshold

issue before the trial court was whether the claims arose from a "[c]onsumer transaction" as defined by Section 1345.01(A) and, if so, whether the nature of the transaction fell within the CSPA or gave rise to a defense. We cannot conclude that the trial court's error in this case is harmless given the material nature of the facts at issue. *Horner* at ¶ 12. In addition, "[w]ere this Court to apply the correct summary judgment standard, this Court would essentially be sitting as the trial court rather than the reviewing Court[.]" *Id.* at ¶ 13. Accordingly, Mr. Myers' second assignment of error is sustained on this basis.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED MR. MYER[S'] MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO THE APPLICABILITY OF THE CONSUMER SALES PRACTICES ACT, AND UNIVERSITY HOSPITAL[S'] LIABILITY FOR SPECIFIC VIOLATIONS THEREOF.

**{¶11}** In his first assignment of error, Mr. Myers argues that the trial court erred by denying his partial motion for summary judgment. Given this Court's resolution of his second assignment of error, his first assignment of error is premature.

### III.

**{¶12}** Mr. Myers' second assignment of error is sustained. His first assignment of error is premature. The judgment of the Summit County Court of Common Pleas is reversed, and this matter is remanded to the trial court for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

_____
JENNIFER HENSAL
FOR THE COURT


SUTTON, P. J.
CARR, J.
CONCUR.


APPEARANCES:

DANIEL MYERS, pro se, Appellant.

MICHAEL J. RUTTINGER and DAVID A. BERNSTEIN, Attorneys at Law, for Appellees.