[Cite as *JPMorgan Chase Bank, N.A. v. Houlihan*, 2025-Ohio-218.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| JPMORGAN CHASE BANK N.A. | | C.A. No. 24CA012134 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOHN F. HOULIHAN | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 23CV207979 |

DECISION AND JOURNAL ENTRY

Dated: January 27, 2025

---

HENSAL, Judge.

{¶1} John Houlihan appeals an order of the Lorain County Court of Common Pleas that granted summary judgment to JPMorgan Chase Bank NA ("the bank"). This Court reverses.

I.

{¶2} The bank filed a complaint alleging that Mr. Houlihan defaulted under the terms of a credit card account agreement, leaving $26,238.01 due. The bank moved for summary judgment, supported by the affidavit of an "[a]uthorized [s]igning [o]fficer" who averred that he had access to the bank's business records and made the affidavit "based upon [his] personal knowledge obtained from [his] review of [the bank's] Business Records." The affiant averred that Mr. Houlihan opened a business credit card account, received a copy of the cardmember agreement, and last made a payment on the account on July 14, 2021. In his response, Mr. Houlihan maintained that the credit card was not issued to him in his individual capacity but as agent for Blue Jay Communications, Inc. ("Blue Jay"). His response noted that Blue Jay had petitioned for

bankruptcy and that the bank had filed a proof of claim in the bankruptcy proceedings related to the account at issue in this case. Mr. Houlihan also maintained that the bank's signing agent did not have personal knowledge of the facts relevant to the case and that his affidavit could not establish a contractual relationship between the bank and Mr. Houlihan. With its reply, the bank supplied additional evidence: a copy of a credit application signed by Mr. Houlihan. Several months after briefing was completed, the bank moved the trial court to permit it to supplement its motion for summary judgment. The motion did not explain the specific content of the proposed supplement. The trial court granted the motion over Mr. Houlihan's objection, but that supplement, if any, does not appear in the record.

{¶3} On May 28, 2024, the trial court granted summary judgment to the bank, concluding that the card member agreement bound Mr. Houlihan because he was the credit applicant. Noting that it had "weighed the facts in [Mr. Houlihan's] favor," the trial court granted summary judgment to the bank. Mr. Houlihan appealed, assigning five errors.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED IN FINDING THAT THERE WAS NO GENUINE
ISSUE OF MATERIAL FACTS.

{¶4} In his first assignment of error, Mr. Houlihan argues that the trial court erred by granting summary judgment because there are genuine issues of material fact. This Court agrees.

{¶5} As an initial matter, this Court notes that Mr. Houlihan has not separately argued his assignments of error. Under Appellate Rule 12(A)(2), this Court "may disregard an assignment of error presented for review if the party raising it fails to * * * argue the assignment [of error] separately in the brief . . . ." *See also State v. Walter*, 2022-Ohio-1982, ¶ 17 (9th Dist.); Loc.R.

16(A)(7) of the Ninth District Court of Appeals. Nonetheless, we exercise our discretion to consider Mr. Houlihan's assignments of error in this case. *See Walter* at ¶ 17.

{¶6} This Court reviews an order granting summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Consequently, this Court must "conduct[] an independent review of the evidence without deference to the trial court's findings." *Smathers v. Glass*, 2022-Ohio-4595, ¶ 30. Under Civil Rule 56(C), "[s]ummary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law." *Byrd v. Smith*, 2006-Ohio-3455, ¶ 10. The moving party bears the burden of demonstrating that there are no genuine issues of material fact with reference to "appropriate evidentiary materials." *Id.* Similarly, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial[]" with reference to the type of evidentiary materials specified in Rule 56(E). *Id.*, quoting Civ.R. 56(E).

{¶7} The trial court's role is to determine if there are disputed facts—not to weigh the evidence. *Smathers* at ¶ 32. "[O]n a summary-judgment motion, any inferences regarding the evidence, including the resolution of ambiguities or inconsistencies, must be made in a manner that favors the nonmoving party[.]" *Id.* citing Civ.R. 56(C). If a nonmoving party "produce[s] *any* Civ.R. 56(C) evidence to show the existence of a genuine issue of material fact for trial," the moving party is not entitled to summary judgment. (Emphasis in original.) *Horner v. Elyria*, 2015-Ohio-47, ¶ 11 (9th Dist.). The trial court does not consider whether the movant is entitled to summary judgment as a matter of law unless there is no genuine issue of material fact. *Id.* at ¶ 10.

{¶8} The bank's motion for summary judgment maintained that Mr. Houlihan opened a credit card and was provided with a cardmember agreement that set forth the terms of payment but

failed to abide by those terms. The bank supported its motion for summary judgment with an affidavit that incorporated the cardmember agreement, but the bank did not provide the application for credit in support of its motion for summary judgment. Mr. Houlihan responded to the bank's motion for summary judgment with reference to his own affidavit, which was acceptable evidence under Rule 56(E). *See Myers v. Univ. Hosp. Health Sys., Inc.*, 2023-Ohio-3045, ¶ 9 (9th Dist.). In his affidavit, he averred that the credit card at issue was opened by him on behalf of Blue Jay and was used solely to incur business debts. He also averred that the bank filed a proof of claim related to this account in Blue Jay's bankruptcy case.

{¶9} The bank filed a reply in support of its motion for summary judgment which referenced, for the first time and without an authenticating affidavit, a copy of the application for credit at issue. Mr. Houlihan was not afforded the opportunity to respond the additional evidence referenced in the bank's reply. A trial court errs, however, by granting summary judgment based on arguments that are made for the first time in a reply brief "because doing so denies the nonmoving party the meaningful opportunity to respond." *State ex rel. Stoicoiu v. Stow-Munroe Falls City School Dist. Bd. of Educ.*, 2023-Ohio-2569, ¶ 7 (9th Dist.). Moreover, once Mr. Houlihan responded to the bank's motion for summary judgment, Rule 56(C) required the trial court to resolve "any inferences regarding the evidence, including the resolution of ambiguities or inconsistencies . . . in a manner that favors the nonmoving party . . . ." *Smathers*, 2022-Ohio-4595, at ¶ 32.

{¶10} The trial court indicated in its order that it "weighed the facts in [Mr. Houlihan's] favor." The evidence in this case, however, "could not be weighed, only reviewed by the trial court . . . ." *Smathers* at ¶ 32. Accordingly, this Court agrees that the trial court erred by weighing

the evidence, concluding that there were no genuine issues of material fact and granting summary judgment to the bank.  Mr. Houlihan's first assignment of error is sustained.

**ASSIGNMENT OF ERROR II**

THE COURT ERRED IN RELYING ON PLAINTIFF'S AFFIDAVIT WHERE AFFIANT LACKED PERSONAL KNOWLEDGE OF THE RELEVANT AND PERTINENT FACTS.

**ASSIGNMENT OF ERROR III**

THE COURT ERRED IN THAT THE CONTRACT WAS ENTERED INTO BY DEFENDANT IN HIS INDIVIDUAL CAPACITY.

**ASSIGNMENT OF ERROR IV**

THE COURT ERRED IN FINDING THAT DEFENDANT APPLIED FOR CREDIT IN HIS INDIVIDUAL CAPACITY.

**ASSIGNMENT OF ERROR V**

THE COURT ERRED IN APPLYING EVID. R. 803(6) AS AN EXCEPTION TO THE HEARSAY RULE, IN RELYING ON PLAINTIFF'S SELF-SERVING INTERNAL DOCUMENTS.

**{¶11}**  Mr. Houlihan's second, third, fourth, and fifth assignments of error argue that the trial court erred by granting summary judgment for other reasons.  In light of this Court's resolution of his first assignment of error, his remaining assignments of error are moot.  *See* App.R. 12(A)(1)(c).

III.

**{¶12}**  Mr. Houlihan's first assignment of error is sustained.  His second, third, fourth, and fifth assignments of error are moot.  The judgment of the Lorain County Court of Common Pleas is reversed, and this matter is remanded to the trial court for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

STEVENSON, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

GINO PULITO, Attorney at Law, for Appellant.

ANTHONY J. HUSPASKA, JOSEPH M. JAMMAL and DAVID B. BOKOR, Attorneys at Law, for Appellee.