[Cite as *Nahas Constr. Corp. v. Brustoski*, 2026-Ohio-1362.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

NAHAS CONSTRUCTION CORP.

    Appellant

v.

MIKE BRUSTOSKI, et al.

    Appellees

C.A. No.     31600

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2024-06-2479

DECISION AND JOURNAL ENTRY

Dated: April 15, 2026

SUTTON, Judge.

{¶1}    Plaintiff-Appellant Nahas Construction Corp. ("Nahas") appeals the judgment of the Summit County Court of Common Pleas granting summary judgment in favor of Defendants-Appellees Mike Brustoski and Janine Brustoski ("the Brustoskis"). For the reasons that follow, this Court affirms in part and reverses in part.

I.

**Relevant Background Information**

{¶2}    This case arises from a construction contract between Nahas and the Brustoskis for the construction of an addition to the Brustoskis' residence. Pursuant to the contract, Nahas was to build a single-story addition to the residence in exchange for the payment of $74,483.00, subject to any change orders. During the course of construction, the Brustoskis made periodic payments to Nahas. Not satisfied with the work done by Nahas, the Brustoskis withheld the final payment to Nahas.

{¶3}     Nahas filed a complaint against the Brustoskis, alleging the Brustoskis breached the contract by failing to make the final payment.  Nahas alleged the Brustoskis owed a balance of $23,612.73.  The Brustoskis counterclaimed alleging Nahas breached the contract by defective workmanship, structural deviations from engineered drawings, and property damage caused by Nahas's work.

{¶4}     On January 30, 2025, the Brustoskis served Nahas with requests for admissions. That same day, Nahas moved to extend the discovery deadline to March 4, 2025, which was granted to allow the parties to respond to outstanding discovery requests.  No further extensions of time were sought by Nahas.

{¶5}     On March 19, 2025, which was after the close of discovery, the Brustoskis moved for summary judgment on Nahas's complaint and on their counterclaim.  As of the date the motion for summary judgment was filed, Nahas had not responded to the requests for admissions.

{¶6}     On April 18, 2025, Nahas filed its response to the motion for summary judgment and moved for leave to file its responses to the requests for admissions instanter.  The Brustoskis opposed the motion.  On May 28, 2025, the trial court denied the motion for leave, stating:

> [Nahas] asserts it was unable to respond to the request for admissions until "very recently" due to [its] work schedule being "extremely busy."

> The [c]ourt has reviewed [the Brustoskis'] request for admissions, which are modest in number (11) and straightforward.

{¶7}     The requests for admissions were therefore deemed admitted pursuant to Civ.R. 36(A)(1). On July 3, 2025, the trial court granted summary judgment in favor of the Brustoskis and against Nahas on Nahas's complaint and on the Brustoskis' counterclaim.  In doing so, the trial court stated:

> Nahas'[s] causes of action are based on the Brustoskis' failure to pay the balance. The Brustoskis' counterclaim acknowledged they failed to pay the final balance

owed because Nahas breached the terms of the contract by not performing under the [c]ontract, were not provided credit for services Nahas did not perform, and Nahas'[s] damage to the Brustoski[s'] driveway. The [c]ontract provided for Nahas to build an addition on the Brustoskis' existing home and Nahas would provide the materials and labor to perform all work shown in the specifications, drawings, and "everything required by the general conditions of the contract ***." The [c]ontract also provided the work would be performed in a workmanlike manner and Nahas shall "repair or replace, without charge, any material which prove[s] not to be in specifications" as notified by the Brustoskis. In exchange, the Brustoskis agreed to pay $74,483.00 in stages upon the completion of the certain stages of the construction.

The trial court found there was no genuine issue of material fact that Nahas failed to perform in a workmanlike manner pursuant to the terms of the contract, failed to perform its [c]ontractual duties, and damaged the Brustoskis' driveway during the performance of the contract. The trial court also found the Brustoskis' failure to make the final payment to Nahas was excused due to Nahas's failure to perform under the contract, causing the Brustoskis damages and loss in the amount of $27,546.00, which was $7,608.00 in excess of the amount sought by Nahas in its complaint. The trial court then awarded judgment in the amount of $7,608.00 in net damages in favor of the Brustoskis and against Nahas.

{¶8} Nahas has appealed, raising one assignment of error for our consideration.

II.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED IN GRANTING [THE BRUSTOSKIS'] MOTION FOR SUMMARY JUDGMENT.**

{¶9} In its sole assignment of error, Nahas argues the trial court erred in granting summary judgment in favor of the Brustoskis on its complaint and on the Brustoskis' counterclaim. They argue the admissions deemed admitted were not sufficient to support the trial court's grant of summary judgment, and more specifically argue the Brustoskis submitted no Civ.R. 56(C)

evidence as to the amount of damages they sustained. We agree with Nahas on its argument concerning the amount of damages sustained.

{¶10} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is appropriate under Civ.R. 56 when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C). A court must view the facts in the light most favorable to the non-moving party and must resolve any doubt in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359 (1992). The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id*. Once a moving party satisfies its burden of supporting its motion for summary judgment with acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. *Id.* at 293. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated at trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

{¶11} Civ.R. 56(C) provides in relevant part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, *written admissions*, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is

no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

(Emphasis added.)  Therefore, written admissions are allowable evidence in support of a motion for summary judgment pursuant to Civ.R. 56(C).  In this case, the admissions were deemed admitted pursuant to Civ.R. 36(A)(1), which provides in relevant part:

The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service of the request or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

{¶12}  The only evidence submitted by the Brustoskis in support of their motion for summary judgment consisted of the admissions deemed admitted.  The Brustoskis did submit repair estimates, invoices, and photographs as part of their counterclaim, and they filed an expert report with additional documents concerning the amount of damages they are claiming, but they did not include these documents as evidence in support of their motion for summary judgment, and even if they had, they did not support the documents with an affidavit or any other evidence allowed by Civ.R. 56(C).  "The moving party bears the burden of demonstrating that there are no genuine issues of material fact with reference to 'appropriate evidentiary materials.'"  *Myers v. Univ. Hosps. Health Sys.,* 2023-Ohio-3045, ¶ 7 (9th Dist.), citing *Byrd v. Smith*, 2006-Ohio-3455, ¶ 10.  "Appropriate evidentiary materials" listed in Civ.R. 56(C) are: depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact.

{¶13}  Nahas argued in its response in opposition to summary judgment that the admissions deemed admitted did not satisfy the Brustoskis' burden to show that there were no genuine issues of material fact.  Therefore, in undertaking our de novo review, we will determine

whether the admissions alone support the judgment in favor of the Brustoskis and against Nahas in the amount of $7,608.00 on the parties' respective breach of contract claims.

{¶14} "Generally, a breach of contract occurs when a party demonstrates the existence of a binding contract or agreement; the non-breaching party performed its contractual obligations; the other party failed to fulfill its contractual obligations without legal excuse; and the non-breaching party *suffered damages as a result of the breach.*" (Emphasis added) (Internal quotations and citations omitted.) *Envision Waste Servs., LLC v. Cty. of Medina*, 2017-Ohio-351, ¶ 14 (9th Dist.).

{¶15} Here, there is no dispute that a contract exists. Nahas alleged the Brustoskis failed to perform their obligations under the contract by failing to pay the final installment. This fact is not in dispute. Thus, the issues in contention are: (1) whether the Brustoskis had a legal excuse in not making the final payment to Nahas because Nahas breached the contract; (2) whether the Brustoskis suffered damages as a result of Nahas's breach or breaches of the contract; and (3) the amount of damages caused by the breach or breaches.

{¶16} The Brustoskis alleged in their counterclaim that Nahas breached the contract in a number of ways and they were damaged thereby. These items included failing to install the girder truss as per the engineered drawing and failing to take proper precaution when pouring the concrete basement floor and consequently cracking the Brustoskis' driveway. The counterclaim then alleged, "[a]s a direct proximate result of [Nahas's] breach of contract, [the Brustoskis] have sustained damages that exceed the amount claimed by [Nahas]. *The exact amount of damages will be determined based on pending repair estimates.*" (Emphasis added).

{¶17} The admissions deemed admitted relevant to the Brustoskis' claim that Nahas breached the contract include: (1) Nahas knew or should have known that work was not completed

in accordance with the contract and/or industry standards; (2) the Brustoskis were entitled to withhold final payment to Nahas due to Nahas's failure to complete the work satisfactorily or in accordance with the terms of the contract, including the failure to follow the engineered drawings for the junction between the existing house and the addition; (3) the construction work on the addition was incomplete, unsatisfactory, or deviated from the contract specifications, including failing to meet the structural requirements outlined in the engineered drawings; (4) Nahas did not follow the engineered drawings for the structural junction (girder/truss) between the existing house and the addition; and (5) Nahas failed to repair the damage caused to the Brustoskis' driveway during the construction process. These admissions admit the work was not completed in accordance with the contract and the Brustoskis were entitled to withhold final payment. The admissions therefore satisfy the "breach" element of the Brustoskis' breach of contract counterclaim and justify the Brustoskis' withholding of the final payment to Nahas.

{¶18} As for damages, however, the Brustoskis have not met their burden pursuant to Civ.R. 56. In the body of their motion for summary judgment, the Brustoskis claim damages in the amount of $7,608.00, but they did not attach *evidence* of the amount of damages they sustained as a result of Nahas's breach. The admissions deemed admitted did not admit the amount of damages caused by Nahas's breach of contract.

{¶19} The trial court did not err in granting summary judgment to the Brustoskis on the parties' respective breach of contract claims. However, there remain genuine issues of material fact as to the amount of damages caused by Nahas's breach of contract.

{¶20} Accordingly, Nahas's assignment of error is overruled in part and sustained in part. The assignment of error is overruled as to the issue of breach of contract, but sustained as to the amount of damages caused thereby.

III.

{¶21}  For the forgoing reasons, Nahas's assignment of error is overruled in part and sustained in part.  The judgment of the Summit County Court of Common Pleas is affirmed in part and reversed in part and remanded for further proceedings to determine damages.

Judgment affirmed in part,
and reversed in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.


BETTY SUTTON
FOR THE COURT


HENSAL, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

DARREN W. DEHAVEN, Attorney at Law, for Appellant.

MICHAEL BRUSTOSKI and JANINE BRUSTOSKI, pro se, Appellees.